THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Erie Brush & Manufacturing Corp. | ) | |
| | ) | |
| | ) | Case No._____ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Judge_____ |
| Inkfish Inspired, LLC and | ) | |
| David K. Colangelo | ) | |
| | ) | JURY TRIAL DEMAND |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Erie Brush & Manufacturing Corp. ("Erie Brush") complains of Defendant Inkfish Inspired, Inc. ("Inkfish") and David K. Colangelo ("Colangelo") (collectively "Defendants"), as follows:

1. This is a claim for trade dress infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a); for common law trade dress infringement; and for state common law unfair competition. This Court has jurisdiction over these claims pursuant to 15 U.S.C. § 1121; 28 U.S.C. §§ 1331, 1338(a) and (b), and §1367. Alternatively, this Court has jurisdiction over these claims due to complete diversity between the parties under 28 U.S.C. § 1332.

### The Parties

2. Erie Brush is an Illinois corporation having a principal place of business at 860 W. Fletcher Street, Chicago, Illinois 60657.

3. Inkfish Inspired, LLC is a Florida limited liability company doing business throughout the United States, and having offices at 14119 Stilton Street, Tampa, Florida 33626-5005.

4. Colangelo is an individual domiciled in Florida who manages and controls Inkfish. Colangelo has an address of 14119 Stilton Street, Tampa, Florida 33626, the same as Inkfish's address.

## Venue

5. Venue is, therefore, proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c).

## Count 1

### Statutory Trade Dress Infringement

6. This Court has jurisdiction over the subject matter of this claim for trade dress infringement under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

7. This claim is for trade dress infringement of the non-descriptive, non-functional aspects of the Erie Brushes.

8. Plaintiff Erie Brush has been selling foaming, hogs' hair vehicle wash brushes within the United States for five decades. These Erie Brush vehicle wash brushes are known as the FoamMaster® brushes ("the Erie Brushes"). By virtue of the widespread sale and purchase of the Erie Brushes the third parties, the past, and likely future, success of the Erie Brushes is known to any regular participant in the vehicle wash industry and marketplace.

9. Within about the past 4-6 months, Erie Brush has begun to see foaming, hogs' hair vehicle wash brushes similar to the Erie Brushes in the vehicle wash marketplace sold by a distributor known as Kleen-Rite. These Kleen-Rite-supplied brushes are identical to a vehicle wash brush that an Erie Brush agent purchased from Inkfish/Colangelo, which was shipped by Inkfish/Colangelo to a location within this judicial district.

10. Accordingly, Inkfish transacts business in this judicial district and elsewhere in the United States in part by manufacturing, offering for sale and/or selling, both in the past and currently, foaming hogs' hair vehicle wash brushes ("the Infringing Brushes").

11. Through the manufacture, use, offer for sale, importation and sale of the Infringing Brushes, the Defendants have infringed and continue to infringe the distinctive trade dress of the Erie Brushes, for at least the reasons given in the attached Weiss Declaration (Ex. 1), including (*id.* at ¶5): (1) the castings are similar in size; (2) the brush hairs are similar in length, arrangement and distribution; (3) the lustre/finish of the casting is similar; (4) the feed holes that deliver the foam are the same; (5) the stainless steel screws are in the same location; and (6) the bumper gaskets are highly similar as well. These aspects of similarity are primarily non-functional, as well; for example, casting size, brush hair length, arrangement and distribution, casting lustre/finish, feed hole and screw placement, and the design and look of the bumper gasket, may all be changed, but the Defendants chose to design these features to be similar or identical to the Erie Brushes.

12. In particular, purchasers of these brushes, namely, distributors as well as vehicle wash owners, would believe that the Defendants' brushes originate from the same source as the FoamMaster® brush (*see also id.* at ¶5).

13. It also appears that the Defendants have intentionally copied the Erie Brushes (*see also id.* at ¶4).

14. Additionally, the Erie Brushes and the Infringing Brushes are both offered for sale and sold in the same channels of trade, to the same merchants, i.e., national and regional distributors selling vehicle wash equipment, and to owners of companies providing vehicle wash services. In other words, these brushes are directly competitive, and are purchased by the same

purchasers. Given their high degree of similarity, it is to be expected that purchasers make a decision on the purchase of the Erie Brushes versus the Infringing Brushes solely based on price (*see also id.* at ¶6).

15. Further, given the degree of visual and design similarity between the FoamMaster® and the Defendants' brushes, it is believed that purchasers of these brushes will be seriously confused in the marketplace as to the brushes' origin. *See also id.* at ¶7.

16. Plaintiff has expended considerable time, effort and resources to design and develop a unique and inherently distinctive appearance for the Erie Brushes. This distinctive appearance has been featured prominently in Plaintiff's in-store, on-site and other national and international advertisements and promotions for the Erie Brushes. This unique trade dress has become associated with the success of Erie Brush's hogs' hair vehicle wash brushes known as the FoamMaster® brushes, and has become an indication of a singular, high-quality source for these products in the minds of the relevant purchasing public. As a result, this non-descriptive, non-functional trade dress is a valuable, irreplaceable asset of Plaintiff's business.

17. The Defendants' selection and use of a substantially similar look and appearance for its hogs' hair vehicle wash brushes is likely to mislead and confuse the public as to the source, sponsorship and/or affiliation of Defendants' Infringing Goods. Because of the nearly-identical look of Defendants' Infringing Goods to Plaintiff's non-descriptive, non-functional trade dress associated with the Erie Brushes, the public is likely to believe that Defendants' products are in some way affiliated or associated with, or sponsored by, Plaintiff.

18. Defendants' actions are willful and deliberate, as Defendants continued to intentionally infringe after being advised of their infringement by the Plaintiff (*see* Ex. 2).

19. Defendants' wrongful acts will continue unless enjoined by this Court.

20. Plaintiff has suffered, and will continue to suffer, substantial and irreparable harm and damage as a result of Defendants' infringement of Plaintiff's trade dress, in an amount to be determined at trial.

## Count 2

### Common Law Trade Dress Infringement

21. Plaintiff incorporates all prior allegations as if set forth fully herein.

22. This claim arises under the common law trade dress infringement. This Court has jurisdiction over the subject matter of this claim, being a claim of common law trade dress infringement, under 28 U.S.C. § 1367.

23. Plaintiff is the owner of all right, title, and interest in and to the trade dress in the Erie Brushes used by Plaintiff by virtue of its extensive manufacture and sale of hogs' hair vehicle wash brushes bearing such trade dress (collectively, Plaintiff's "common law trade dress") as set forth in the preceding paragraphs of this Complaint. In particular, because of their extensive sales and publicity, Plaintiff has acquired common law trade dress rights for the distinctive look and appearance of its Erie Brushes.

24. The Infringing Brushes imported, advertised, distributed, offered for sale and sold by Defendants incorporate this common law trade dress in the Erie Brushes. Such unauthorized use by Defendants of Plaintiff's common law trade dress is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the products and to cause purchasers to believe the Defendants' Infringing Brushes are authentic products of Plaintiff when, in fact, they are not.

25. Upon information and belief, Defendants have willfully and intentionally

misappropriated Plaintiff's common law trade dress with the intent of causing confusion, mistake, and deception as to the source of its goods and with the intent to palm off their goods as those of Plaintiff and to place others in the position to palm off their goods as those of Plaintiff and, as such, Defendants have committed trade dress infringement under common law. By such actions in infringing Plaintiff's common law trade dress, Defendants are improperly trading upon the enviable reputation and goodwill of Plaintiff and impairing Plaintiff's valuable rights in and to its trade dress in the Erie Brushes.

26. Defendants' actions are willful and deliberate, as Defendants continued to intentionally infringe after being advised of their infringement by the Plaintiff (*see* Ex. 2).

27. Defendants' wrongful acts will continue unless enjoined by this Court.

28. Plaintiff has suffered, and will continue to suffer, substantial and irreparable harm and damage as a result of Defendants' infringement of Plaintiff's common law trade dress, in an amount to be determined at trial.

## Count 3

### State Common Law Unfair Competition

29. Plaintiffs incorporate all prior allegations as if set forth fully herein.

30. This claim for unfair competition arises under the state common law of Illinois. This Court has jurisdiction over the subject matter of this claim, being a claim of state common law unfair competition, under 28 U.S.C. § 1367.

31. By virtue of the widespread sale and purchase of the Erie Brushes the third parties, the past, and likely future, success of the Erie Brushes is known to any regular participant in the vehicle wash industry and marketplace. Defendants, being participants in the vehicle wash

industry and marketplace, are aware of Plaintiff's past, and likely future, sale and purchase of Erie Brushes to third parties.

32. Defendants are fully aware of the popularity of the Erie Brushes, including their distinctive look. Defendants intentionally copied and offered in interstate commerce hogs hair brushes that create the same overall visual effect and appearance as the Erie Brushes. Defendants' Infringing Brushes were designed to have the same distinctive overall appearance and look as the Erie Brushes and are confusingly similar in total image, appearance and overall aesthetic look. As a result, the public is, and is likely to be, confused as to the source of Defendants' Infringing Brushes, thinking them to emanate from Plaintiff.

33. Defendants have willfully, deliberately, and with predatory intent, created such confusion by copying the Erie Brushes, including their overall product appearance, and have advertised and sold, and threaten to advertise and sell, the Infringing Brushes so as to cause public confusion and deception. Further, Defendants' sales and offers for sale of the Infringing Brushes products have caused and threaten to cause Plaintiff the loss of its valuable goodwill and reputations for making and selling distinctive, unique and high-quality hogs hair vehicle wash brushes under the Erie Brush name, resulting in current, and likely future, damage to Plaintiff.

34. Defendants' actions are willful and deliberate, as Defendants continued to intentionally infringe after being advised of their infringement by the Plaintiff (*see* Ex. 2).

35. Defendants' wrongful acts will continue unless enjoined by this Court.

36. Plaintiff has suffered, and will continue to suffer, substantial and irreparable harm and damage as a result of Defendants' infringement of Plaintiff's state common law unfair competition, in an amount to be determined at trial.

7

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

A. That the Court order that Defendants, their officers, agents, directors, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendants, be immediately and permanently enjoined from:

(1) directly or indirectly infringing Plaintiff's trade dress as described above, in any manner including generally, but not limited to, copying, distributing, advertising, selling, and/or offering for sale any merchandise that infringes Plaintiff's trade dress including without limitation Defendants' Infringing Brushes, and specifically distributing, advertising, selling, and/or offering for sale unauthorized copies of any other unauthorized goods that picture, reproduce, or utilize the likenesses of or which copy or bear a substantial similarity to any of Plaintiff's trade dress rights or marks confusingly similar thereto;

(2) using Plaintiff's trade dress on hogs' hair vehicle wash brushes or accessories;

(3) advertising (over the Internet, through catalogs, or otherwise), selling, importing, exporting, using, accepting orders for or offering to sell products that misappropriate, Plaintiff's trade dress;

(4) engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers and/or members of the public to believe that, the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Plaintiff, are sponsored, approved, or licensed by Plaintiff, or are in some way connected or affiliated with Plaintiff;

(5) causing further confusion with and injury to Plaintiff's reputation,

business or its common law trademarks, including Plaintiff's symbols, labels or other forms of advertisement and trade dress;

(6) otherwise competing unfairly with Plaintiff in any manner; and

(7) infringing the trade dress in the Erie Brushes and thereby damaging Plaintiff's goodwill, reputation, and business.

B. That Plaintiff be awarded damages in an amount sufficient to compensate it for the injuries it has sustained by reason of Defendants' unlawful acts, including Plaintiff's loss of goodwill, loss of past and/or future sales, and damages caused by Defendants' acts of state common law unfair competition, as well as federal and common law trade dress infringement, including, based upon the intentional and willful nature of Defendants' conduct of the kind complained of herein, an award of all profits received by Defendants from the sale of products identified or advertised through the use of identical or confusingly similar appearance.

C. That the Court issue an order requiring Defendants to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' infringement of Plaintiff's trade dress and unfair competition and to account for all gains, profits, and advantages derived by Defendants from the sale of their infringing merchandise bearing the trade dress of Erie's Brushes, and that the award to Plaintiff be trebled as provided for under 15 U.S.C. § 1117; alternatively, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $2,000,000 for each trade dress that Defendants have willfully counterfeited and infringed.

D. That the Court issue an order that Plaintiff recover the costs of this action together with reasonable attorneys' and investigators' fees and prejudgment interest in accordance with 15 U.S.C. § 1117.

9

E.     That Plaintiff be awarded punitive damages for Defendants' willful and malicious acts of state common law unfair competition and statutory and common law trade dress infringement.

F.     That Defendants be ordered to deliver up for destruction all advertisements, circulars, brochures, and any other items in its possession, custody or control bearing Plaintiff's trade dress in the Erie Brushes or any other similar designations.

G.     That Defendants be ordered to (a) prepare and send to their customers and the general public corrective statements approved by Plaintiff, correcting any false statements made and all misrepresentations made concerning Erie's trade dress; (b) to disclaim any association between Defendants and Plaintiff and/or Plaintiff's products; and, (c) to recall and make reasonable efforts to obtain the return of any infringing or confusingly similar products from their customers.

H.     That judgment be entered in favor of Plaintiff and against Defendants on each claim made in the Complaint.

I.     That the Court provide Plaintiff with such other and further relief as it deems just and proper, or that Plaintiff may be entitled to under the law.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented in this Complaint.

Date: April 30, 2018                             Respectfully submitted,

/s/Michael P. Mazza
Michael P. Mazza, ARDC #6201609
Paul R. Hale, ARDC #6320732
MICHAEL P. MAZZA, LLC
686 Crescent Blvd.
Glen Ellyn, IL 60137
Phone: 630-858-5071
Fax: 630-282-7123
Email: mazza@mazzallc.com
       paul@mazzallc.com

**Attorneys for Plaintiff**
**Erie Brush & Manufacturing Corp.**